## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| SHIQIONG HUANG, CHRIS R. STOKOWSKI, EVERETT UHL, MARK J. HEARON and MARY T. PATTERSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 8:20-cv-02293-T-33TGW |
| v. | |
| TRINET HR III, INC., TRINET HR IV, INC., THE BOARD OF DIRECTORS OF TRINET HR III, INC., THE BOARD OF DIRECTORS OF TRINET HR IV, INC., THE INVESTMENT COMMITTEE OF TRINET GROUP, INC., and JOHN DOES 1-30, | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| Defendants. | |

## I.  ARGUMENT

### 1.  Plaintiffs Have Standing to Pursue Claims On Behalf of Both the TriNet III and TriNet IV Plans

Defendants argue Plaintiffs lack standing because "there is but a single named plaintiff who participated in the TriNet III Plan, and she did not invest in any of the TriNet III Challenged Options."  Defs. Mem. at 10 (emphasis omitted).  Defendants are mistaken.

In an analogous situation involving a motion for class certification, a court stated it is erroneous to "suggest that a class action under ERISA could never be brought by plaintiffs representing unnamed individuals in different plans.  This is

1

clearly not true." *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27, 39 (D.R.I. 2000 (citations omitted).  Indeed, such a position has been rejected time and again by various courts which have found that a plaintiff has standing to sue on behalf of several plans where, such as here, each Plan is administered by the same Company or sponsor, and defendants' conduct is alleged to have affected participants in the different plans in a similar manner.  *See, e.g.*, *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 424 (6th Cir. 1998) [O]nce a potential ERISA class representative establishes his individual standing to sue his own ERISA-governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong."); *In re Merck & Co., Inc., Sec. Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006) (finding named plaintiffs can properly assert claims on behalf of another plan despite not being participants in that plan); *Mulder v. PCS Health* Systems, Inc., 216 F.R.D. 307, 317 (D.N.J. 2003)  (individual in one ERISA benefit plan may represent a class of participants in numerous other plans); *Dann v. Lincoln Nat. Corp.*, 708 F.Supp.2d 481, 487 (E.D. Pa. 2010) (court denied motion to dismiss and determined it "will defer the question of whether Dann may bring this action on behalf of the Agents' Plan and Delaware Plan until class certification"); *Velazquez v. Massachusetts Fin. Servs. Co.*, 320 F.Supp.3d 252, 257-58 (D. Mass. 2018) (finding plaintiff established standing to bring claims "on behalf of a plan in which she was never enrolled and for the period after which she closed her account").

The Fifth Circuit's decision in *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993) supports Plaintiffs' argument. In *Forbush*, the plaintiff sought class certification in a case representing participants in four different pension plans despite the fact that she participated in only one. The Fifth Circuit did not consider whether the plaintiff had standing to represent absent class members in other plans; rather the court analyzed whether the plaintiff's relationship with the proposed class satisfied Rule 23. The Court recognized "[i]t is true that much of the putative class is covered by plans other than the one applicable to [plaintiff]," but focused on the fact that the plaintiff framed her challenge in terms of the defendant's "general practice" applicable to all four pension plans. *Id.* at 1106. The court rejected the defendant's challenge to the named plaintiff's adequacy finding, "[i]t is true that much of the putative class is covered by plans other than the one applicable to Forbush, but Forbush has framed her challenge in terms of [the defendant's] general practice of overstating social security benefits. Her claim is therefore typical and thus provides no basis for suspecting that she will not adequately represent the interests of the class." *Id.*

Here, the Plans: (1) have identical sponsors and named fiduciaries; (2) are administered by the same Committee; (3) have a nearly identical menu of funds for investment; and (4) Defendants failed to comply with their fiduciary obligations to both Plans in identical ways. ¶¶ 24-25, 29-30, 33-34. In *In re Merck,* the court concluded the plaintiff had standing to pursue claims on behalf of participants in other plans and remarked, "the responsibility for managing the investment options for all four Plans was assigned to the same entity, the MPIC, whose conduct is at issue in this

Count[;] and The MPIC Defendants owed the participants of all four Plans fiduciary duties under ERISA and their actions affected all the potential class members in a similar manner-including the participants in the Puerto Rico Plan." *In re Merck & Co., Inc. Sec. Deritative & ERISA Litig.*, 2006 WL 2050577, at *8 (D.N.J. July 11, 2006). Given the overwhelming similarities among the Plans' administration and Defendants' fiduciary failures which affected both Plans in a similar negative fashion, Plaintiffs may properly bring claims on behalf of both Plans.

### 2. Plaintiffs Have Standing to Challenge Funds In Which They Did Not Personally Invest

Plaintiffs proactively addressed Defendants' standing argument, Defs. Mem. at 16-20, in their opening memorandum. *See* ECF 66 at Section V.A. Defendants cite to a minority of courts that wrongly decided the standing issue. Recently, the Third Circuit joined the majority of courts finding plaintiffs – similarly situated to the Plaintiffs here – may bring claims on behalf of funds they were not invested. The Third Circuit rejected an appeal of the district court's certification of a class based on the argument plaintiffs lacked standing and typicality because they "did not invest in each of a defined contribution retirement plan's available investment options." *Boley v. Univ. Health Services, Inc.*, 36 F.4th 124, 128 (3d Cir. June 1, 2022). The court found each plaintiff had standing because "each invested in at least one of the [challenged funds]," and alleged all the funds "were imprudent for the same reasons." *Id.* at 131.

*Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615 (U.S. 2020) does not counsel otherwise. *Thole* involved a defined benefit plan, unlike the TriNet Plans, which are defined

contribution plans.  Justice Kavanaugh stated this distinction was "[o]f decisive importance to this case."  *Id*. at 1618.  He further observed, "[t]he basic flaw in the plaintiffs' trust-based theory of standing is that the participants in a defined-benefit plan are not similarly situated to the beneficiaries of a private trust or to the participants in a defined-contribution plan."  *Id*. at 1619.  Because "in the private trust context, the value of the trust property and the ultimate amount of money received by the beneficiaries will typically depend on how well the trust is managed, so every penny of gain or loss is at the beneficiaries' risk."  *Id*.

Here, Plaintiffs allege the process utilized by Defendants resulted in the selection of several imprudent funds as well as in excessive recordkeeping fees.  ¶¶ 88, 90-91, 113, 116.  Thus, unlike in *Thole*, the ultimate recovery received by the Plans' participants here depends on "how well the trust is managed" and thus confers standing on Plaintiffs to bring suit to challenge Defendants' fiduciary process.  Contrary to Defendants' assertions, "Plaintiffs do not need to make a showing of investment in each fund to demonstrate standing."  *Cunningham v. Cornell Univ.*, No. 16-cv-6525 (PKC), 2019 WL 275827, at *3 (S.D.N.Y. Jan. 22, 2019) (collecting cases).

## II.    CONCLUSION

To the extent the Court believes the class definition must be narrowed or subclasses required, it is within the Court's inherent discretion to do so without denying the motion for class certification.  *See, e.g., Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 2428631, at *7 (S.D.N.Y. June 11, 2019).

Date: July 6, 2022                              */s/ Joseph M. Sternberg          .*

Joseph M. Sternberg, ESQ.
Florida Bar No.: 122447
Email: joseph@landersandsternberg.com
Telephone: (407) 495-1893
Fax: (407) 362-6325
722 W. Smith Street
Orlando, FL 32804

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh          .*
Mark K. Gyandoh, Esquire
(*Admitted Pro Hac Vice*)
PA Attorney ID # 88587
Gabrielle P. Kelerchian, Esquire
PA Attorney ID #324248
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
Email: gabriellek@capozziadler.com
Telephone: (610) 890-0200
Fax (717) 233-4103

Donald R. Reavey, Esquire
(*Admitted Pro Hac Vice*)
PA Attorney ID #82498
2933 North Front Street
Harrisburg, PA 17110
Email: donr@capozziadler.com
Telephone: (717) 233-4101
Fax (717) 233-4103

Counsel for Plaintiffs and the Putative Class

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2022, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By:  /s/ *Mark K. Gyandoh*
Mark K. Gyandoh, Esq.