UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIQIONG HUANG, *et al.*,

Plaintiff,

v.

TRINET HR III, INC., *et al.*,

Defendant.

Case No. 8:20-CV-02293-T-33TGW

### UNOPPOSED MOTION TO SET A TRIAL DATE FOR THE WEEK OF JUNE 5, 2023

Defendants, by and through their attorneys, respectfully request that the Court schedule the trial in this matter for the week of June 5, 2023 to avoid certain unavoidable scheduling conflicts. The parties believe that the trial in this matter can be concluded in a week or less. If a subsequent date is more convenient for the Court, Defendants' counsel respectfully requests that the trial be scheduled for one of the weeks of August 7, 14, or 28, or for the October trial terms.[1]

In support of this Motion, Defendants state as follows:

---

[1] As noted below, Defendants' counsel has other trials already scheduled in July 2023 and September 2023, and one of Defendants' witnesses will be unavailable during the first two weeks in July 2023.

1. On November 30, 2022, the Court entered an Amended Case Management and Scheduling Order setting the trial for the April 2023 trial term. (Dkt. 95). The parties' counsel and their anticipated witnesses held that month open to ensure no scheduling conflicts with the trial dates. Due to the Court's very busy trial calendar, it provided notice that it was unable to hear this case in April and moved the trial term to May 2023, and then June 2023. (Dkt. Nos. 110, 113).

2. Approximately six months ago (when trial was set for April 2023), Defendants' in-house counsel, who has primary responsibility for supervising and overseeing the defense of this litigation, scheduled international travel in June, instead of April, in order to avoid a conflict with the potential trial during the April 2023 trial term. He purchased non-refundable international airline tickets and made hotel and related reservations for the week of June 17 through June 24. It would impose a significant financial and personal burden on Defendants' in-house counsel to reschedule these travel plans, should the trial in this matter conflict with those dates.

3. In addition, one of Defendants' fact witnesses has scheduled non-refundable travel beginning at the end of June through the first two weeks in July with her extended family.

4. To avoid the foregoing conflicts, Defendants respectfully request that the trial of this matter, if the Court deems one necessary, be scheduled for the week of June 5, 2023. As noted above, the parties believe that the trial in this matter can be concluded within a week. Defendants have confirmed with Plaintiffs' counsel that Plaintiffs and their witnesses are available during the week of June 5.

5. If the week of June 5, 2023 is inconvenient for the Court, or the Court is unable to give the parties a certain date at this time, Defendants' counsel respectfully requests that the trial be scheduled for the August or October trial terms, as Defendants' counsel has a two-week trial scheduled to begin on July 17, 2023 in the *Wachala v. Astellas* litigation pending in the Northern District of Illinois and a one-week trial scheduled to begin on September 18, 2023 in the *Mills v. Molina Healthcare, Inc.* litigation pending in the Central District of California.

6. This Request is not for the purposes of hindrance or delay, and no party will be prejudiced through the relief Defendants seek.

7. Defendants' counsel has conferred with Plaintiffs' counsel, and Plaintiffs have consented to this Request, so long as the trial is not scheduled for the first week in August, due to a pre-existing conflict. Accordingly, the Parties respectfully request that the trial be scheduled for either June 5 or the weeks of August 7, 14, or 28. Both parties wish to avoid any unnecessary delay or waste of time that would cause any inconvenience to the Court or its staff and hope to resolve this matter as expeditiously as possible.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court issue an Order setting the trial date for the week of June 5, 2023 (or for the weeks of August 7, 14, or 28) and grant such further relief as it deems just and appropriate.

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), I hereby certify that I have conferred with counsel for the Plaintiff, who indicated that he consents to the relief sought in this Motion.

Dated:  April 3, 2023                                           O'MELVENY & MYERS LLP

Sacha Dyson
GRAY ROBINSON, P.A.
401 East Jackson Street
Tampa, FL 33602
(813) 273–5000
sacha.dyson@gray-robinson.com

By: /s/ *Catalina Vergara*
   Brian D. Boyle (*pro hac vice*)
   Catalina Vergara (*pro hac vice*)
   William Pollak (*pro hac vice*)
   Alex Reed (*pro hac vice*)
   1625 Eye Street, N.W.
   Washington, D.C. 20006
   (202) 383–5300
   bboyle@omm.com
   cvergara@omm.com
   wpollak@omm.com
   areed@omm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice by email or electronic transmission to the following:

Mark Gyandoh (markg@capozziadler.com)

Joseph Michael Sternberg (joseph@landersandsternberg.com)

Donald R. Reavey (donr@capozziadler.com)

Thomas J. Sinclair (thomass@capozziadler.com)

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 3, 2023 in Los Angeles, California.

*/s/ Catalina Vergara*