UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHIQIONG HUANG, CHRIS R. STOKOWSKI, EVERETT UHL, MARK J. HEARON and MARY T. PATTERSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRINET HR III, INC., TRINET HR IV, INC., THE BOARD OF DIRECTORS OF TRINET HR III, INC., THE BOARD OF DIRECTORS OF TRINET HR IV, INC., THE INVESTMENT COMMITTEE OF TRINET GROUP, INC., and JOHN DOES 1-30, <br><br> Defendants. | Case No. 8:20-cv-02293-T-33TGW <br><br><br> **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to M.D. Fla. Local Rule 3.01(i), plaintiffs submit this notice of supplemental authority in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. (ECF No. 98).

1. **Citation to Authority**

*Nunez et al., v. B. Braun Medical, Inc. et al.*, NO. 20-4195 (E.D. Pa. Apr. 21, 2023)

2. **Specification by Page, Paragraph, and Line of the Issue or Argument in the Earlier Papers that the Authority Supplements**[1]

---

[1] Page numbers refer to the page numbers at the bottom of the original documents and not the file-stamped page numbers generated by CM/ECF.

1

- *Material Issues of Fact cannot be resolved at summary judgment.*

ECF No. 98: Section I titled "Response To Defendants' Statement Of Facts" beginning on Page 1, Paragraph No. 1, Line 1 and ending on Page 9 paragraph No. 1 Line 9; Section II titled "Legal Standard" age 13, Paragraph No. 2, Lines 5 through 17; Section III.A. titled "The Committee's Process for Monitoring the Plan's Recordkeeping Fees Was Imprudent Thus Making Summary Judgment Inappropriate" beginning on Page 13, Paragraph No. 2, Lines 20 through 26, and ending on Page 14, Paragraph No. 1, Lines 1-4.

3. **Succinct Quotation from the Authority**

- *Material Issues of Fact cannot be resolved at summary judgment.*

"[T]he outcome of an ERISA fiduciary duty case hinges on the application of the reasonable person standard. […] courts within this district have denied summary judgment in ERISA fiduciary duty cases under the idea that '[a] determination of reasonableness . . . is properly a question for the [factfinder], and is inappropriate in the summary judgment context.'" *Nunez*, NO. 20-4195, at 1-2 (internal citations omitted).

"While this court has serious reservations as to the weight of the evidence, the same conclusion must prevail here. Indeed, both the plaintiffs and the Committee have provided numerous facts of material value supported by the record that create genuine issues in need of being resolved by a factfinder" including, "whether the Committee partook in a prudent review of investment options, see Def.'s Facts at ¶¶ 19–20; Pls.' Facts at ¶¶ 19–20, 76–78; Def.'s Resp. at ¶¶ 76–78, (3) whether the Committee behaved prudently in deciding to use revenue sharing to pay recordkeeping costs up until 2019, see Def.'s Facts at ¶¶ 28, 30, 32–33, 35; Pls.' Facts at ¶¶ 28, 30, 32–33, 35, 69, 71–72; Def.'s Resp. at ¶¶ 69, 71–72, and (4) whether the Committee failed to look into and consider cheaper recordkeeping fee options." *Id*. at 2.

Dated:  April 26, 2023　　　　　　　　　　**CAPOZZI ADLER, P.C.**

　　　　　　　　　　　　　　　　　　　　　*/s/ Mark K. Gyandoh*
　　　　　　　　　　　　　　　　　　　　　Mark K. Gyandoh

312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email donr@capozziadler.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2023, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: /s/ *Mark K. Gyandoh*

Mark K. Gyandoh, Esq.