UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHIQIONG HUANG, *et al.*, <br><br> Plaintiff, <br><br> vs. <br><br> TRINET HR III, INC., *et al.* <br><br> Defendant. | 8:20-CV-02293-VMC-TGW <br><br> **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS BILL OF COSTS** |

Defendants hereby respectfully request recovery of $29,859.15 constituting all necessary and unavoidable costs incurred in defending this litigation, pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 4.18.[1]

### A. The Prevailing Party Is Entitled to Costs Under Rule 54(d)(1)

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . should be allowed to the prevailing party." The Eleventh Circuit has recognized that there exists a "strong presumption" under Rule 54(d)(1) that "the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Indeed, "'[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.'" *Gay v. AirTran Airways, Inc.*, 427 F. App'x 743, 744 (11th Cir. 2011) (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2007)); *see also Matthews*, 480 F.3d at 1277 (noting that "a district

---

[1] Defendants have also filed a declaration of counsel detailing the costs necessarily incurred by the defendants in this case. *See* Declaration of William Pollak, Esq. The defendants respectfully reserve the right to amend their Bill of Costs, the supporting declaration, and this memorandum in the event that further costs are incurred in connection with any further developments in this case.

1

court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs"); *accord Arugu v. City of Plantation*, 446 F. App'x 229, 231 (11th Cir. 2011) (reversing and remanding the trial court's denial of attorney's fees and costs because the court failed to provide an explanation of its decision). In addition, the Eleventh Circuit has recognized that the trial court's discretion to deny costs is not unfettered "'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman*, 229 F.3d at 1039 (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)[2]).

### B. Defendants Are the Prevailing Parties in This Lawsuit

On April 26, 2023, the Court entered a final judgment in favor of the defendants after granting defendants' motion for summary judgment in its entirety earlier that day. *See* Judgment, ECF No. 120; Order Granting Summary Judgment, ECF No. 119. As a result, there can be no dispute that the defendants are the prevailing parties in this lawsuit. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (finding that the defendant was a prevailing party under Rule 54(d) when the trial court entered summary judgment in favor of the defendant on the federal claims and concluding that the court erred when it denied costs to the defendant); *Reider v. R.J. Reynolds Tobacco Co.*, 5 F. Supp. 3d 1334, 1337 (M.D. Fla. 2014)

---

[2] *Walters v. Roadway Express* and all Fifth Circuit cases decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(noting that "[a] prevailing party has been defined by the Eleventh Circuit as 'usually the litigant in whose favor judgment is rendered . . . even though he has not sustained all his claims'" (quoting *Head*, 62 F.3d at 354)); *Daker v. Steube*, 2012 WL 2384050, at *1 (M.D. Fla. June 25, 2012) (concluding that the defendant was entitled to an award of costs after the jury rendered a verdict in favor of the defendant and judgment was entered); *Ivory v. Holme*, 2009 WL 1185309, at *2 (M.D. Fla. Apr. 30, 2009) (finding an award of costs under 28 U.S.C. § 1920 was appropriate after a jury verdict and judgment was entered in favor of the defendant).

### C. Defendants Are Entitled to an Award of the Costs Set Forth in 28 U.S.C. § 1920

In its Bill of Costs, defendants are seeking only those costs that are specifically enumerated in 28 U.S.C. § 1920 ("Section 1920"). Section 1920 permits a judge or clerk of any court to tax the following items as costs against the non-prevailing party in an action:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See* 28 U.S.C. § 1920.³ Defendants seek to recover two categories of costs, both of which are specifically included in 28 U.S.C. § 1920: (i) the costs of deposition transcripts, and (ii) the fees charged by a court-appointed mediator.

      1.    *Defendants Are Entitled to Recover Fees for Court Reporting Services and Deposition Transcripts.*

Under subsection (2) of Section 1920, the prevailing party is entitled to recover costs for depositions, which were "wholly or partially necessarily obtained for use in the case." *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). All of the court reporter fees and deposition transcripts here were incurred for use in the case. Indeed, plaintiffs initiated all of these depositions (other than the depositions of the named plaintiffs themselves and plaintiffs' expert). Moreover, defendants relied on these deposition transcripts in opposing class certification, moving for summary judgment, and moving to exclude plaintiffs' expert witness under *Daubert*. *See* Defendants' Opposition to Class Certification (ECF No. 68); Defendants' Motion for Summary Judgment (ECF No. 92); Defendants' Motion to Exclude Testimony (ECF No. 93). In addition, both defendants and plaintiffs prepared deposition designations for Edward Griese, James Franzone, Sheryl Southwick, and all four named plaintiffs for use at trial. Declaration of William Pollak in Support of Bill of Costs ("Pollak Decl.") ¶ 2. Accordingly, defendants

---

³ Generally, "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs." *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). The standard of reasonableness is to be given a liberal interpretation. *See id.* In challenging a prevailing party's motion for costs, the losing party bears the burden of demonstrating that specific costs are not taxable. *See Monelus v. Tocodrian, Inc.*, 609 F.

respectfully submit that they are entitled to recover $28,209.15 for court reporter fees and the costs associated with obtaining transcripts of the depositions as costs that were necessarily incurred in connection with the defense of this litigation.

      2.     *Defendants Are Entitled to Recover the Mediation Costs.*

Pursuant to this Court's Orders referring the case to mediation (ECF. Nos. 40, 87), the parties mediated this dispute with Jack Townsend on July 22, 2022 and December 12, 2022. *See* Mediation Reports (ECF Nos. 80, 102). Defendants paid $1,650.00 for those mediation services. *See* Pollak Decl. ¶ 3. Thus, in accordance with the Orders referring the case to mediation, defendants request that these fees be taxed as costs in this case under subsection (6) of Section 1920.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court approve its Bill of Costs and tax costs against plaintiffs in the amount of $29,859.15 which constitute only a small portion of the total costs that defendants incurred in defending against this litigation.

---

Supp. 2d 1328, 1333 (S.D. Fla. 2009).

Dated:  May 10, 2023

Sacha Dyson
GRAY ROBINSON, P.A.
401 East Jackson Street
Tampa, FL 33602
(813) 273–5000
sacha.dyson@gray-robinson.com

Respectfully submitted,

By:*/s/ Catalina Vergara*
Catalina Vergara (*pro hac vice*)
Brian D. Boyle (*pro hac vice*)
William Pollak (*pro hac vice*)
Alex Reed (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383–5300
bboyle@omm.com
cvergara@omm.com
wpollak@omm.com
areed@omm.com

*Attorneys for the Defendants*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing this 10th day of May, 2023, to all counsel in the litigation.

*/s/ Catalina Vergara*
Catalina Vergara
